Mr. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion. That opinion is based upon the action of the Butte-Silver Bow governing committee in passing a motion granting a salary increase from January 1, 1981, through June 30, 1981, and the adoption of Resolution 325 covering the fiscal budget including the same salary increases. The majority concludes that these actions constitute a fixing of the salaries which could not be revised. No specific authority was given for that conclusion, and I find none in the Charter of Butte-Silver Bow or in the statutes.
Section 3.02(h) of the Butte-Silver Bow Charter provides as follows with regard to salaries of elected officials and other compensation:
“(h) COMPENSATION
“The council of commissioners shall set by ordinance the annual salary of its members, the salaries of all other elected officials, and the number and salaries of the assistants of all other elected officials.”
In accordance with the Charter provision, the council of commissioners adopted Ordinance 134 on March 18,1981, which set the salaries of the plaintiff government officials. That action was not a revi *207 sion of the budget but an adoption of salaries as required under the Charter. I can find no basis for disregarding the determination of salaries by Ordinance 134 adopted pursuant to Charter requirements for the fixing of salaries.
I would reverse the District Court.